1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD ALLISON,

Plaintiff,

v.

CARL SEGELBLOM, CLARK COUNTY
PUBLIC DEFENDERS' OFFICE,

Defendants.

Case No. 2:20-cv-02070-GMN-EJY

**REPORT AND RECOMMENDATION**

Plaintiff, a former inmate of the Clark County Detention Center, submitted a pro se Complaint under 42 U.S.C. § 1983 (ECF No. 1) but failed to file a complete *in forma pauperis* application or pay the required filing fee. On December 1, 2020, the Court granted Plaintiff through January 29, 2021 to either pay the fee or submit a complete application. ECF No. 3 at 2. The Court also informed Plaintiff that it would recommend dismissal of this case without prejudice if Plaintiff failed to comply with the Order. *Id.* at 3. That Order was returned as undeliverable. ECF No. 4.

On May 11, 2021, the Court issued an Order to Show Cause, noting that Plaintiff has not updated his address or otherwise been in contact with the Court since he filed his Complaint. ECF No. 5. The Court informed Plaintiff that Local Rule IA 3-1 requires pro se parties to "immediately file with the court written notification of any change of mailing address" and that failure to comply "may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the Court." The Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's December 1, 2020 Order, and to file a notice advising the Court of his current address, no later than June 10, 2021. ECF No. 5. The Court again warned that failure to comply "shall result in a recommendation that this case be dismissed." *Id.* at 2. The Court's Order to Show Cause was also returned as undeliverable. ECF No. 6.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson*

*v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *See*, *e.g.*, *Thompson*, 782 F.2d at 831; *Ferdik*, 963 F.2d at 1260–61.

Here, the first two factors weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The public policy interest in disposition of cases on their merits is outweighed by the other factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *See*, *e.g.*, *Ferdik*, 963 F.2d at 1262.  The Court twice informed Plaintiff that failure to comply with the Court's orders may result in a recommendation to dismiss this action.  ECF Nos. 3, 5.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED without prejudice.

DATED this 8th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).